UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EI CORPORATION, INC., | Case No.: 2:20-cv-01119-APG-NJK |
| Plaintiff | **Order Granting in Part and Denying in Part Motion to Seal** |
| v. | [ECF No. 2] |
| GALLANT CAPITAL PARTNERS, LLC; QUALITY BUILT, LLC; and JOHN GILLETT, | |
| Defendants | |

Plaintiff Ei Corporation, Inc. moves to temporarily seal the entire case until the court can enter a protective order because the complaint and the motions for temporary restraining order and preliminary injunctive relief contain confidential information related to the potential acquisition of the plaintiff by competing potential purchasers. ECF No. 2.  I partially grant the motion.

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Such records are presumptively publicly accessible. *Id.*  Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.*  In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted).  Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous

statements, or release trade secrets. *Id.* at 1179 (quotation omitted).  However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

Ei seeks to seal the entire case file even though only a small portion of the documents contains confidential information related to the purchase offers.  There is no basis to seal the entire case file, so I deny that portion of Ei's motion.  However, I grant Ei's motion to seal those portions of the complaint, the motions, and the attached exhibits that identify the confidential information related to the letters of intent submitted by the competing potential purchasers.  Consequently, I will direct the clerk of court to keep sealed ECF Nos. 1, 2, 4, and 5.  But I order Ei to file redacted versions of these documents in a publicly accessible format on the court's docket.  There is no reason to seal Ei's certificate of interested parties (ECF No. 3) or the summons issued to the defendants (ECF No. 7), so I will direct the clerk of court to unseal the case and unseal these documents.

IT IS THEREFORE ORDERED that plaintiff Ei Corporation, Inc.'s motion to seal **(ECF No. 2) is GRANTED in part**.  The motion is granted in that I direct the clerk of court to keep sealed the complaint, the motion to seal, and the motions for temporary restraining order and preliminary injunction filed at ECF Nos. 1, 2, 4, and 5.  I also grant the request to seal those portions of the docket that would reveal confidential information about the letters of intent.  Plaintiff Ei Corporation, Inc. is directed to file publicly accessible redacted versions of these documents by June 29, 2020.  The motion is denied to the extent it seeks to seal the entire case.  The clerk of court is instructed to unseal the case and unseal ECF Nos. 3 and 7.

DATED this 22nd day of June, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE